UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LATOYA MARTIN,

       Plaintiff,           CASE NO.:

vs.

CIRQUE ATL, LLC, a Georgia
Domestic Liability Company,
and KECHIA MATADIN,
Individually,

       <u>Defendant.</u>

<u>COMPLAINT & DEMAND FOR JURY TRIAL</u>

Plaintiff, LATOYA MARTIN, files by and through her undersigned counsel, and hereby sues the Defendant, CIRQUE ATL, LLC, a Georgia Domestic Liability Company and KECHIA MATADIN, Individually (hereinafter referred to as the "Defendants"), and alleges as follows:

<u>INTRODUCTION</u>

1. This is an action by the Plaintiff against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief

under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*

4. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Fulton County, Georgia.

## PARTIES

6. Plaintiff was a bar back and performed related activities for Defendant from July 1, 2015 through November 28, 2015 in Fulton County, Georgia.

7.     Defendant, CIRQUE ATL, LLC, is a Georgia Domestic Liability Company that serves food and beverages to its patrons in Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

8.     Defendant, KECHIA MATADIN, is an individual resident of the state of Georgia who, upon information and belief, resides in Atlanta, Fulton County, Georgia.

## FACTUAL ALLEGATIONS

9.     Plaintiff worked as a "bar back" for Defendants and performed related activities (i.e. filled coolers and ice areas, washed dishes, stocked materials, and inventory).

10.    Plaintiff worked in this capacity from July 1, 2015 through November 28, 2015.

11.    Plaintiff was paid an hourly rate in exchange for work performed.

12.    Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

13.    Plaintiff worked an average of fifty-eight (58) hours per week.

14.    Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of no less than

time and one half her regular rate of pay for *all* hours worked over forty in a workweek.

15. Bar backs were eligible for overtime provided they worked more than forty (40) hours per week.

16. At all material times during the last three years, Defendant, CIRQUE ATL, LLC, was an enterprise subject to the FLSA's Provision on overtime wages.

17. At all times relevant to this action, Defendant, KECHIA MATADIN regularly exercised the authority to hire and fire employees of CIRQUE ATL, LLC.

## COVERAGE

18. The Defendant, CIRQUE ATL, LLC, is a corporation formed and existing under the laws of the State of Georgia and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

19. The Defendant, KECHIA MATADIN regularly exercised authority on behalf of CIRQUE ATL, LLC, a corporation formed and existing under the laws of the State of Georgia and at all times, during

Plaintiff's employment, was an employer as defined by 29 U.S.C. §203, et seq.

20. Plaintiff was an employee of Defendants and was at all times relevant to the violations of the FLSA (2013-2016), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

21. At all material times relevant to this action (2013-2016), the Defendants was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

22. At all material times relevant to this action (2013-2016), the Defendants made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

23. At all material times relevant to this action (2013-2016), the Defendants had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. worked with credit card machines, use of restaurant equipment, telephones, napkins, silverware appliances, etc.).

24. At all material times during the four months of tenure, Defendants was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25. At all material times relevant to this action (2013-2016), the Defendants has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

26. At all material times relevant to this action (2013-2016), Defendants is in business of providing food and drinks to the general public.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS CIRQUE ATL, LLC

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though fully stated herein.

29. Plaintiff, LATOYA MARTIN, worked for Defendant from July 1, 2015 through November 28, 2015 as a bar back for Defendant's businesses located in Georgia.

30. Defendant, CIRQUE ATL, LLC, is a corporation formed and existing under the laws of the State of Georgia and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

31. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours while it knew that overtime compensation was required under the law.

32. Specifically, Defendants failed to keep accurate time records as required by the FLSA for Plaintiff.

33. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, LATOYA MARTIN, demands judgment against Defendant, CIRQUE ATL, LLC, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS KECHIA MATADIN, INDIVIDUALLY.

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above.

35. Defendant, KECHIA MATADIN, is the Resident Agent, acting manager and sole corporate officer of Defendant, CIRQUE ATL, LLC.

36. Defendant, KECHIA MATADIN, is a manger who acted with direct control over the work, pay, and job duties of Plaintiff.

37. Defendant, KECHIA MATADIN: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of

payment, (4) maintained employment records, and determined J.R.K. Trucking's overtime policies.

38. As such, Defendant, KECHIA MATADIN, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, LATOYA MARTIN, demands judgment against Defendant, KECHIA MATADIN, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants CIRQUE ATL, LLC.., and KECHIA MATADIN.

Dated this 10th day of June, 2016.

                        Respectfully submitted,

                        **/s/ Justin D. Miller**
                        Justin D. Miller, Esq.
                        GABN 001307
                        MORGAN & MORGAN, P.A.
                        191 Peachtree Street NE,
                        P.O. Box 57007
                        Atlanta, GA 30343
                        Telephone: (404) 965-8811
                        Facsimile: (404) 965-8812
                        Email: jmiller@forthepeople.com
                        *Attorneys for Plaintiff*