IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATOYA MARTIN,<br><br>　　Plaintiff,<br><br>v.<br><br>CIRQUE ATL, LLC, a Georgia Domestic Liability Company and KECHIA MATADIN, Individually,<br><br>　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:16-CV-1935-MHC |

ORDER

On July 27, 2016, Plaintiff filed a Motion for Alternative Service, based upon several failed attempts to effectuate service on both the corporate and individual Defendants. [Doc. 5.] She requests the Court permits service by someone identified as "Lieutenant C. Pryor." Id. at 2.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

(c)　Service.

　　(1)　*In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

>   (2)   *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
>   (3)   *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

FED. R. CIV. P. 4(c). "If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." FED. R. CIV. P. 4 advisory committee's note (1993 Amendments).

Plaintiff is not indigent and has failed to show why it is necessary for the Court to order that a law enforcement officer serve process in this case.[1] There are two Defendants, one of whom is a corporation, and Plaintiff apparently has both the corporation's registered address and the address of its registered agent. Although she has had difficulty in her service attempts over a relatively short period of time (just over two weeks), that is not a sufficient rationale for the Court

---

[1] Plaintiff can choose to have any person who is at least 18 years old and not a party to serve the summons and complaint. FED. R. CIV. P. 4(c)(2).

to order service by a law enforcement officer at this time. See Weidman v. Blackstone Group, No. 1:14-CV-3785-RWS-LTW, 2015 WL 1097385, at *5 (N.D. Ga. Mar. 11, 2015) (finding that it is inappropriate to order service by a law enforcement officer under Rule 4(c)(3) where the plaintiff has a defendant's corporate address, is not an indigent litigant, and does not need such alternative service to keep the peace); Nappi v. Welcom Prods., Inc., No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014) (denying the plaintiff's motion for alternative service despite difficulty in serving defendant because it was unclear how a law enforcement officer would have any more success at service than a private process server and the plaintiff provided no factual basis or legal authority for the appointment of a law enforcement officer); Zarro v. Spitzer, No. 1:06-CV-1166 (GLS/DRH), 2008 WL 4399442, at *2 (N.D.N.Y. Sept. 23, 2008) (finding that the court's appointment of a process server is "unnecessary and improper" when there is no evidence that an official process server is necessary to keep the peace or that the plaintiff is unable to effectuate service).

Although the Court finds no reason to appoint a law enforcement officer as a special process server at this time, the Court would in the future consider an extension of time for Plaintiff to serve process if necessary or service by "some

means other than hand-to-hand transfer of the summons and complaint" if Defendants are intentionally evading service. <u>American Indoor Football Ass'n, Inc. v. Lockwood</u>, 267 F.R.D. 663, 667 (M.D. Ala. 2010).

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Alternative Service [Doc. 5] is **DENIED**.

**IT IS SO ORDERED** this 27th day of July, 2016.

_____
MARK H. COHEN
United States District Judge